UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JANICE FOX,

    Plaintiff,                                        CASE NO.:

vs.

DIVE BAR RESTAURANT, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, JANICE FOX (hereinafter "FOX"), by and through the undersigned Counsel, and sues the Defendant, DIVE BAR RESTAURANT, LLC, a Florida Limited Liability Company, (hereinafter "DIVE BAR" or "Defendant"), and alleges the following:

## JURISDICTION AND VENUE

1. This is a civil action with damages that exceed Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs.

2. This Court is vested with federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 and the Florida Civil Rights Act of 1992. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367.

3. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b) because all actions relevant giving rise to this claim arose in this Judicial Circuit.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent to the maintenance of this action have been met.

5. On or about December 19, 2022, Plaintiff, FOX, timely filed a Charge of Discrimination with both the Palm Beach County Office of Equal Opportunity ("OEO") and the U.S. Equal Employment Opportunity Commission ("EEOC"). A copy of said Charge is attached hereto as **Exhibit "A"**.

6. On or about August 7, 2023, the EEOC issued a Dismissal of Charge and Notice of Right to Sue. A copy of said Notice of Right to Sue is attached hereto as **Exhibit "B"**.

7. This Complaint is being filed within ninety (90) days of receipt of the Notice of Right to Sue.

**PARTIES**

8. Plaintiff, FOX is an individual who resided in Palm Beach County, Florida, during her employment with DIVE BAR.

9. At all times herein mentioned, FOX was employed by DIVE BAR located at 318 US-1 South, Jupiter, Florida 33477.

10. FOX was and is a member of a group protected under the Age Discrimination and Employment Act of 1967, 29 U.S.C. §§ 621-634 (ADEA) and the Florida Civil Rights Act, Fla. Stat. Ann. § 760.01 (FCRA)'s prohibitions against age discrimination. Namely:

   a. She was fifty-two (52) years of age at the time she was terminated; and

   b. She suffered an adverse employment action after being wrongfully terminated due to her age and receiving unfavorable treatment compared to her younger colleagues.

11. DIVE BAR is duly authorized and licensed to do business in Palm Beach County, Florida. At all times material, DIVE BAR was and is engaged in the business of providing food

services with more than twenty (20) employees.  As such, DIVE BAR is an "employer" as defined by the ADEA and the FCRA during the times relevant to this Action.

## **GENERAL ALLEGATIONS**

12. In January 2013, FOX was hired by DIVE BAR as a seasonal server.

13. FOX was employed at DIVE BAR as a seasonal server for more than nine (9) years, from January 2013 through October 10, 2022.

14. FOX worked the annual "busy season" for DIVE BAR, which generally extended for nine months, from October through June each year.

15. For the remaining three months of each year, FOX travelled to New York, under DIVE BAR management's understanding and express permission.

16. Upon FOX's departure at the end of the 2022 busy season, DIVE BAR management did not, at any time, indicate any changes to employee expectations, nor any objections to her seasonal departure.

17. On October 10, 2022, following her annual trip, FOX attempted to arrange for her standard return to the restaurant by sending a text message to the manager of DIVE BAR, Mr. Mike Crookes.

18. In response, Mr. Crookes abruptly advised that DIVE BAR was no longer in need of FOX's services, as the restaurant was fully staffed and no longer required seasonal employees.

19. By way of background, FOX was fifty-two years old at the time of her termination.

20. By all accounts, FOX excelled at her position, remaining in excellent standing with management and customers alike as she spent more than nine (9) years employed by DIVE BAR. Notwithstanding, on October 10, 2022, DIVE BAR terminated FOX not as a result of her performance, but due to improper discriminatory and illegal reasons.

21. Following her termination, FOX emailed DIVE BAR's owner, Richard Cullifer, to voice her confusion and concerns regarding her sudden termination.

22. In response, Mr. Cullifer advised FOX that the decision to fully staff the restaurant with year-round employees was made by he and Mr. Crookes. Mr. Cullifer further voiced his support for Mr. Crookes' decision.

23. On October 12, 2022, FOX emailed Mr. Crookes to request the opportunity to speak with him regarding her termination.

24. The same day, Mr. Crookes responded by rejecting FOX's request to speak in person, and reiterated that DIVE BAR will not hire or rehire any seasonal employees due to the businesses' newfound focus on year-round employment.

25. At no point in time did Mr. Crookes or Mr. Cullifer offer FOX any alternative employment positions, nor inquire if she would be willing to work year-round.

26. Shortly after DIVE BAR informed FOX of her termination due to being "fully staffed" with year-round employees, a former coworker at DIVE BAR informed FOX that three new servers had been hired, all of whom were in their twenties.

27. During her nine (9) years at DIVE BAR, FOX excelled so significantly in her position that she developed an excellent reputation and working relationship with over sixty (60) regulars at the restaurant.

28. On November 30, 2022, a regular DIVE BAR patron of FOX's, Patti Crisafulli, emailed DIVE BAR to express her confusion and disappointment upon learning that the restaurant had terminated such a loyal and dedicated employee. In this same communication, Ms. Crisafulli reported seeing a high turnover of new employees at the restaurant.

29. In response, Mr. Cullifer conceded that FOX was "…an excellent employee and one of the best servers we have ever had."

30. Further, however, Mr. Cullifer falsely informed Ms. Crisafulli that he had offered FOX a year-round position, which she declined. Mr. Cullifer offered this false information as his supposed justification for FOX's departure.

31. Conversely, at no point in time did DIVE BAR offer FOX a year-round position. Rather, she was curtly terminated with no alternative opportunity for employment, via an unexpected and brief text message.

32. Following FOX's wrongful termination, DIVE BAR regularly continued to hire new employees, including seasonal servers of whom are twenty (20) to thirty (30) years younger than FOX, despite DIVE BAR's representation to FOX that the restaurant was no longer employing seasonal employees.

33. In light of DIVE BAR's direct actions and new hires following her termination, it became transparent that FOX's termination was improperly based upon her age.

34. By way of example, a food runner at DIVE BAR by the name of Trey was permitted to leave active employment for several months at a time, returning to employment without issue just one (1) week prior to FOX's termination. Trey is believed to be approximately eighteen (18) to twenty (20) years old.

35. Further, a busser at DIVE BAR by the name of Reggie was similarly permitted to leave active employment at DIVE BAR for several months in order to travel, and was reinstated to his position at DIVE BAR following his return. Reggie is believed to be in his thirties.

36. Additionally, following FOX's termination, DIVE BAR continued to employ multiple employees on a temporary or seasonal basis in order to accommodate their leaves of

absence. Such employees include Angelica, Natalia, Shelby, and Ben; all of whom are in their twenties.

37. For over nine years, DIVE BAR remained willing and able to employ FOX on a consistent seasonal basis. In her younger forties, FOX never faced any concern or retribution by DIVE BAR in regard to her schedule.

38. Despite claiming to terminate FOX's employment based on the business' transition to sole year-round employment, DIVE BAR clearly continued to hire and/or employ employees who were similarly situated in terms of schedule and availability, yet were decades younger than FOX.

39. DIVE BAR's termination of FOX was not as a result of her performance or seasonal status, but due to improper discriminatory and illegal reasons. Specifically, DIVE BAR targeted and terminated FOX under pretext as a result of her age.

40. Any alleged nondiscriminatory reason for this treatment by DIVE BAR is a mere pretext for the actual reason for terminating FOX's employment as it continued its actions of hiring younger, seasonal employees.

41. As a direct and proximate result of DIVE BAR's actions, FOX has suffered and will continue to suffer lost wages, benefits and entitlements, damage to her career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory damages, punitive damages, and liquidated damages according to proof against DIVE BAR.

42. Plaintiff, Janice Fox, due to the adverse employment actions she has faced due to discrimination because of her age, has been required to retain the legal services of the undersigned

Counsel to enforce her rights under the ADEA and the FCRA and is required to pay her attorney a reasonable fee for services rendered in this case.

### COUNT I– AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §§ 621-634

43. Plaintiff FOX adopts and incorporates by reference the allegations in Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. Under the ADEA, "it shall be unlawful for an employer – (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; [AND] (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. § 623.

45. DIVE BAR is an "employer" as defined by the ADEA.

46. FOX was fifty-two (52) years old and qualified for her position with DIVE BAR when her employment was terminated.

47. After approximately nine (9) years of having FOX serve on a seasonal basis, DIVE BAR terminated FOX under pretext and continued to hire significantly younger individuals on a similar seasonal basis, for the position for which FOX was fully qualified.

48. At the time of her termination, FOX was one of the most tenured servers at DIVE BAR. In the time leading up to and following her dismissal, FOX saw significantly younger employees without her practical experience being hired on a similar seasonal basis.

49. Although FOX was recognized for her hard work and commitment throughout the nine (9) years of her employment, DIVE BAR began to target her in October 2022 as she entered her mid-fifties.

50. DIVE BAR singled out FOX under the pretext that the business was transitioning to an exclusively year-round employer.

51. Even after FOX was terminated for her status as a seasonal server, DIVE BAR continued to hire seasonal servers who were several decades younger than FOX.

52. DIVE BAR crafted a pretext to effectuate FOX's termination, citing blatantly false business decisions which DIVE BAR did not enact against its younger employees.

53. Similarly situated male and female employees who were not of FOX's age were treated more favorably by DIVE BAR and were not terminated because of their age as referred to in the General Allegations of this Complaint.

54. DIVE BAR'S unlawful employment practices, complained of above, deprived FOX of her statutory rights under the ADEA.

55. DIVE BAR and its employees/agents discriminated against FOX with respect to her employment because of her age by crafting a pretext for her termination and terminating her based on her age.

56. As a direct and proximate result of DIVE BAR's conduct and its employees' actions, FOX has suffered irreparable harm through her loss of gainful employment and through the loss of valuable employment benefits which she would have continued to receive had she not been unlawfully terminated.

57. As a direct and proximate result of the foregoing, FOX has suffered and continues to suffer embarrassment, humiliation, emotional distress, economic losses, and other forms of damage.

58. What is more, DIVE BAR willfully violated FOX's rights under the ADEA and, as a result, is liable for liquidated damages.

## COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

59. Plaintiff FOX adopts and incorporates by reference the allegations in Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

60. At all times material hereto, DIVE BAR failed to comply with the FCRA, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

61. DIVE BAR is an "employer" as defined by § 760.09(7) of the Florida Statutes.

62. At the time of her termination, FOX was fifty-two (52) years old and guaranteed specific civil rights under the Florida Civil Rights Act of 1992, Fla. Stat. 760.10 et. seq.

63. At all times necessary, FOX was qualified to perform her duties as a server.

64. After approximately nine (9) years of having FOX serve on a seasonal basis at DIVE BAR, DIVE BAR terminated FOX under pretext and continued to hire significantly younger individuals on a similar seasonal basis, for the position for which FOX was fully qualified.

65. At the time of her termination, FOX was one of the most tenured servers at DIVE BAR. In the time leading up to and following her dismissal, FOX saw significantly younger employees without her practical experience being hired on a similar seasonal basis.

66. Although FOX was recognized for her hard work and commitment throughout the nine (9) years of her employment, DIVE BAR began to target her in October 2022 as she entered her mid-fifties.

67. DIVE BAR singled out FOX under the pretext that the business was transitioning to an exclusively year-round employer.

68. Even after FOX was terminated for her status as a seasonal server, DIVE BAR continued to hire seasonal servers who were several decades younger than FOX.

69. DIVE BAR crafted a pretext to effectuate FOX's termination, citing blatantly false business decisions which DIVE BAR did not enact against its younger employees.

70. DIVE BAR'S unlawful employment practices, complained of above, deprived FOX of her statutory rights under the ADEA.

71. DIVE BAR and its employees/agents discriminated against FOX with respect to her employment because of her age by crafting a pretext for her termination and terminating her based on her age.

72. FOX's termination constituted an adverse employment action against her which was causally related to FOX's age.

73. Similarly situated male and female employees who were not of FOX's age were treated more favorably by DIVE BAR and were not terminated because of their age as referred to in the General Allegations of this Complaint.

74. As a direct and proximate result of DIVE BAR's conduct and its employees' actions, FOX has suffered irreparable harm through her loss of gainful employment and through the loss of valuable employment benefits which she would have continued to receive had she not been unlawfully terminated.

75. As a direct and proximate result of the foregoing, FOX has suffered and continues to suffer embarrassment, humiliation, emotional distress, economic losses, and other forms of damage.

76. Any alleged nondiscriminatory reason for this treatment of FOX by DIVE BAR is a mere pretext for the actual reason for discriminating against her based on her age.

77. What is more, the aforementioned actions of DIVE BAR were willful, wanton, intentional, and with malice or with reckless indifference to FOX's statutorily protected rights and the consequences of such actions, such that FOX is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JANICE FOX, demands judgment against Defendant, DIVE BAR RESTAURANT, LLC, a Florida Limited Liability Company, and requests the following relief:

1. Enter judgment in favor of FOX for DIVE BAR's violations of the ADEA and the FCRA.
2. Award FOX actual damages suffered;
3. Award back pay and value of lost employment benefits to FOX;
4. Award front pay to FOX for the years she would have worked absent DIVE BAR's discriminatory treatment;
5. Enter judgment in favor of FOX for compensatory damages for the embarrassment, anxiety, humiliation, and emotional distress FOX has suffered and continues to suffer;
6. Award FOX liquidated damages;
7. Award FOX punitive damages;
8. Award to FOX all costs and reasonable attorney's fees incurred in connection with this action;
9. Award prejudgment interest on all monetary recovery obtained;

10. An injunction permanently enjoining DIVE BAR RESTAURANT, LLC, a Florida Limited Liability Company, its officers, agents, employees, assigns and all persons in active concert of participation with them from engaging in any employment practice which discriminates on the basis of age; and

11. Grant such additional or alternative relief as may appear to the court to be just and equitable.

## JURY TRIAL DEMAND

Plaintiff, JANICE FOX, demands a trial by jury on all issues so triable.

Dated November 3, 2023.

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
SAMANTHA L. SIMPSON, ESQ.
Florida Bar No.: 1010423
**Primary Email:** greg@sconzolawoffice.com
**Primary Email:** samantha@sconzolawoffice.com
**Secondary Email:** alexa@sconzolawoffice.com